ROBERT L. BLAND, Judge.
Claimant Harry Goins, now residing at Cleveland, Ohio, but formerly a citizen of West Virginia and an attendant at Lakin State Hospital located in Mason county, is seeking an award in the sum of $5,000.00 to compensate him for damages claimed to have been sustained on account of an alleged assault made upon him on the first day of October, 1934 by an inmate of the hospital. Lakin State Hospital is an institution for the treatment and care of mentally defective negro persons. Claimant’s petition, setting forth the nature and character of his claim against the state, was filed with the clerk of this court on the twenty-eighth day of June, 1946, eleven years, eight months and twenty-seven days after the alleged occurrence of the accident.
In the petition he alleges that he was, upon his employ *26 ment as an attendant in said institution, assigned to duty on the third floor of the hospital, on which floor were a number of violently insane persons; that on October 1, 1934, while engaged in the duties assigned to him by the superintendent, he was stabbed, cut and severely wounded by an insane inmate .of the hospital. He contends that there were normally two attendants constantly on duty on the said third floor or ward and that said attendants had instructions to enter patients’ rooms and handle patients only when both attendants were present, the purpose of this instruction being to prevent or minimize injury to attendants at the hands of violent inmates. He further contends that on the first day of October, 1934, and for two weeks prior thereto, he had been required by the superintendent to act as the ¿ttendant for the said third floor by himself and without the assistance of any other employe, and that the fact that he himself was the only attendant in the ward was due to the fact that the other person normally employed as an attendant in the ward had been permitted to take a vacation and no arrangements or provisions had been made by the superintendent or other authorities of the hospital to have a substitute for the absent attendant on vacation. He charges that the patient who assaulted and stabbed him was known to the superintendent of the hospital to be insane and given to physical violence and that the claimant entered the patient’s room alone because of the absence of any other employe, and that when he entered the room said patient struck and stabbed him several times with a large knife, inflicting serious injuries to his hands, arms, head and back.
The state agency involved opposes an award to claimant and has filed two pleas in the case, one for want of jurisdiction of the court to hear and determine the claim, and the other a general denial of liability, and the attorney general has also moved to dismiss the said claim on account of the bar of the statute of limitations. By its special ]flea, the board of control says that claimant should not be permitted to maintain his claim in the court of claims because the jurisdiction of the court does not extend to *27 any claim for disability or death benefit under chapter 23 of the code, governed by the workmen’s compensation commission. The motion to dismiss Lbe said claim presents a more serious question. Section 21 of the court of claims law reads as follows:
“Limitations of Time. — Tim court shall not take jurisdiction over a claim unless the claim is fded within five years after the claim might have been presented to such court. If, however, the claimant was for any reason disabled, from maintaining the claim, the jurisdiction of the court shall continue for two years after the removal of the disability. With respect to a claim arising nrior to the adoption of this article, the limitation of this section shall run from the effective date of this article: Provided, however, That no such claim as shall have arisen prior to the effective date of this article shall be barred by any limitation of time imposed by any other statutory provision if the claimant shall prove to the satisfaction of the court that he has been prevented or restricted from presenting or prosecuting such claim for good cause, or by any other statutory restriction or limitation.”
May the court properly take jurisdiction of the claim in question? Was said claim presented to the court of claims within five years from the lime it could have been presented to the court? There was, we think, no opportunity afforded to present said claim to the court of claims until its members had been appointed, qualified, and the court was ready to function in accordance with the purposes of its creation. The act of tin- Legislature creating the state court of claims was passed March 6, 1941, was in effect from passage and duly approved by the Governor. Commissions were issued by the Governor as follows: to Walter M. Elswick, June BO, 1941 ; (’bailes J. Schuck, July 1, 1941 and Robert L. Bland, July 1, 1941. Although the court act was passed on March 6, as above stated, it thus appears that the membership of the court was not created *28 until the dates last aforesaid. The court was not formally organized until Monday, July 14, 1941, as disclosed by the following excerpt from its records:
“The State Court of Claims having been created by an Act of the Legislature of West Virginia, Regular Session of 1941, and the Honorable M. M. Neely, Governor of West Virginia, having appointed and issued commissions to the Honorable Charles J. Schuck, of Wheeling, the Honorable Robert L. Bland of Weston, and the Honorable Walter M. Elswick of Hinton, as members of said Court for terms ending, respectively, on the thirtieth day of June, 1948, the thirtieth day of June, 1945, and the thirtieth day of June, 1947; and said Act having fixed the Office of the Secretary of State as the meeting place for said Court, and designated the Secretary of State as ex officio Clerk thereof, said three members appeared at the office of the Secretary of State on Monday, the fourteenth day of July, 1941, that being the beginning of the July term fixed by statute.' And said three members having respectively .qualified in manner prescribed by law, an organization was effected by the election of Honorable Robert L. Bland as Presiding Judge for the ensuing year.”
Since the claim in question was filed with the clerk of the court on June 28, 1946, it necessarily follows that it was filed within five years from the date that the court was organized and ready to proceed with business. We therefore hold that the court has pvi-ma facie jurisdiction of the claim and the motion to dismiss it is accordingly overruled.
We shall now proceed to determine said claim upon its merits. It is predicated upon alleged negligence of the authorities of Lakin State Hospital in not providing more attendants in the ward in which claimant was employed. The evidence adduced consisted of testimony of the claimant and the affidavit of Dr. G. A. Banks who was superintendent of Lakin State Hospital at the time of the accident of which the claimant complains, which affidavit was permitted to be filed and considered by agreement of coun *29 sel for the claimant and counsel for the state. It is shown that claimant accepted employment as an attendant in the hospital on March 10, 1933 and was assigned to duty in the ward on the third iloor of the institution. There were from fifty to sixty patients in said ward under care and attention of two attendants who were usually on duty at the same time. It was their duty, according to the afiidavit of the former superintendent to look after the inmates of the wards to which they were assigned for duty, there being three floors in the hospital building, each attendant being rotated from one floor to another so that within three months each attendant manned all three floors, and the instructions to claimant and to all other attendants were to search all patients night and morning who were locatec on the second and third floors of the hospital. He recollected that the inmate who was alleged to have assaulted claimant was a patient of the instituiton for about one month prior to October 1, 1934. and that he could not recall any information that the alleged assailant was particularly dangerous or violent. The superintendent recalled the incident of the accident which occurred to the claimant and affirmed that to the best of his recollection claimant wras taken to the clinic where his wounds were dressed and injury was found to be chiefly in his right arm. After-proper dressing Mr. Goins was taken to his room in the hospital where he remained for a week or more and then returned to duty as an attendant. According to the physician’s statement, claimant’s wounds had completely healed. Evidence of the claimant is to the effect that he was so badly injured that he has never been able from the time of his accident until the present time to perform heavy labor. It does appear, however, from his testimony that after resigning from the institution in 1935 claimant returned to Charleston and engaged in work as a janitor and other employment. During the recent world war he had worked in Cleveland, Ohio, apparently doing heavy work. It further appears from the testimony of the claimant himself that on the day of the accident in question he was preparing to take patients from the third floor of the *30 hospital out on the lawn for recreation and had entere the room of the patient by the name of Davis in order to have him accompany the group. Evidently if this patient were of a violent and dangerous type he would not have been permitted to go out on the lawn. How this patient who is alleged to have assailed claimant obtained the knife with which he stabbed him is not made to appear. It was evidently the duty of the claimant as an attendant in the ward to search the rooms of the patients in order to discover possible dangerous weapons. It was when the claimant entered the room that he was assailed by Davis. If there had been a half dozen other attendants in the ward the sudden assault upon claimant could not have been prevented. It therefore follows that the absence of another attendant in the ward at the time of the assault was not the approximate cause of assault.
“ ‘Negligence’ does not exist unless there is a reasonable likelihood of dangerous consequence of the act complained of, and the possibility of an accident must be clear to the ordinarily prudent eye.” Herrick v. State, 32nd N. Y. Supplement (2nd Series) p. 607.
In the case just cited, prosecuted in the court of claims of New York, by a student nurse for compensation for damages claimed to have been sustained by her in a state hospital when she was assaulted by an inmate in a cafeteria, it was held as follows:
“Although state assumes the responsibility of caring for and keeping individuals in state hospitals from harm and injury, there is no such obligation or duty to a student nurse in such a hospital.”
And further:
“Student nurse, in accepting assignment in state hospital, knowing she would be placed in contact with mentally deranged and incapacitated patients, ‘assumed risk’ of injury which might result from such association, including risk of alleged *31 assault by inmate allegedly suffering from dementia praecox when leaving cafeteria.”
In the above case Greenberg, J ustice, in the opinion says:
“Can the State be charged with negligence because of its failure to have additional nurses and attendants in charge of the patients while in the cafeteria? Would additional nurses or attendants have prevented such an accident? There were, at the time of the alleged assault, in addition to claimant, four regular nurses or attendants and four dining room attendants. Even if there were more attendants or nurses in charge of the patients in the cafeteria, the assault might not have been prevented. The alleged striking was sudden and momentary and the hospital authorities had no notice of its imminence. How, then, could such a happening have been avoided? Even a guard or attendant for each and every inmate would not have avoided what is alleged to have happened to the claimant. There is no such duty on the part of the State to maintain such supervision. Any such rule of law would place an unreasonable burden upon the State or upon the authorities of the State ...”
Claimant had a special relief bill introduced on his behalf in the Legislature of 1939. It was referred to the committee and permitted to sleep there. So far evidence shows no other step has been taken by claimant to assert his alleged grievances against the state of West Virginia. Under all the evidence, we are of the opinion that claimant has failed to establish a case that would warrant the court of claims in recommending an appropriation in his behalf for any sum, especially in view of his statement that after the alleged assault was made upon him he received his salary and resumed the duties of employment until such time as he saw fit to resign and leave the institution.
An award is accordingly denied and claim dismissed.